## MORRIS & CUMMINGS DREDGING COMPANY v. MUNSON WILLIAMS.

Submitted July 2, 1909—Decided November 8, 1909.

1. A new trial will not be awarded on application of a defendant not represented at the trial when it appears that notice of trial was duly served on defendant's attorney and disregarded by him because he thought it served too long beforehand, and consequently made no timely effort to ascertain whether the case was on the calendar.
2. The fact that a cause is regularly listed on the calendar prepared by the county clerk is *prima facie* evidence that proper proof of serving notice of trial has been lodged with him.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and PARKER.

For the plaintiff, *McDermott & Enright.*

For the defendant, *R. M. J. Smith.*

The opinion of the court was delivered by

PARKER, J.　The character of the issue that was tried in this case and the questions that this court is now asked to settle, must be gathered, if at all, from the brief of counsel and the testimony contained in the printed book.　We are not favored with a copy of the pleadings or a copy of the alleged rule to

show cause. From the evidence as printed and statements in the paper book, it would appear that a trial took place in the Hudson Circuit, September 18th, 1908, no one appearing for defendant, and that a verdict was returned for plaintiff; that on October 3d, 1908, a justice of this court granted a "rule to show cause," and later granted a rule to take testimony. The court having no copy of the rule to show cause and being left in ignorance as to what party was to show cause, and what relief was contemplated in case such rule were made absolute, might well dismiss the case at this point; but as the controversy is exhibited in the briefs of counsel and may be shortly and finally disposed of, we have concluded to take the latter course.

The complaint of the defendant is that a verdict was taken against him by surprise, in the absence of defendant and his attorney, and without proper notice, though there was a legal and meritorious defence.

It appears that the cause was at issue in time to be noticed for trial at the opening of April term, 1908, of the Hudson Circuit, but by some default of plaintiff's attorney, or for some other reason, was noticed for a day in term. Defendant objected to this and the court refused to put the case on the April calendar. Defendant was then entitled to move for judgment of *non pros.* at the following June term of this court, but did not do so, contenting himself with an oral notice to plaintiff's attorneys that he would require them to elect between proceeding in this suit (presumably an action of trover) and in a replevin suit in another county involving the same property.

The case was on the calendar at the September term following, was called in defendant's absence, moved by plaintiff, and tried *ex parte;* and defendant now undertakes to show that he did not receive legal notice of trial, and therefore the case was not properly on the calendar. All that he succeeds in showing is that he did receive in June a notice of trial for the first day of September term which he says he did not acknowledge and disregarded because of the unprecedented length of

time intervening, expecting to get another notice later on. On some date not given he wrote the county clerk for a calendar and received it on the very day that the trial took place, and too late for him to attend.

We fail to see anything in these facts that will avail the defendant. The service of notice on the attorney in June was perfectly proper, and he had no right to disregard it. And the fact that the cause was regularly listed on the September calendar is at least *prima facie* evidence that notice of trial with a regular acknowledgment or proof of service was lodged in due season with the clerk. Defendant's attorney admits receiving such a notice, and for all that we know a copy of that notice was filed with affidavit of service. But he did not inquire either at the clerk's office or by mail whether there was a notice filed, though by law it had to be filed at least six days before the term opened. He might have inquired of plaintiff's attorneys; and he might have attended at the opening of the term. He did none of these things and took no step to inform himself what position would be taken by the other side, but waited until the calendar came by mail, when it was too late. We do not think this method of conducting a case for defence justifies this court in interposing in favor of a defendant against whom a diligent plaintiff, without doing anything to mislead him, has recovered a judgment, by an opening of the judgment and a trial on the merits, which we assume is the relief that he applied for. Without discussing the merits of the defence, the rule will be discharged, with costs.